**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MERYL BRODSKY,

                Plaintiff,

         -against-

THE NEW YORK CITY
CAMPAIGN FINANCE BOARD,
SYLVIA O. HINDS-RADIX, NEW
YORK CITY CORPORATION
COUNSEL AND THE NEW YORK
CITY SHERIFF (NON-PARTY),

                Defendants.
-----------------------------------------------------------X

      **24 Civ. 2823 (PAE) (GS)**

      <u>**ORDER**</u>

**GARY STEIN, United States Magistrate Judge:**

      By letter dated September 4, 2024, Defendants New York City Campaign

Finance Board (the "Board"); Sylvia O. Hinds-Radix, New York City Corporation

Counsel ("Hinds-Radix"); and the New York City Sheriff ("Sheriff") (collectively,

"Defendants") seek clarification as to whether the Court considers certain

individuals, added to the docket as defendants following Plaintiff Meryl Brodsky's

filing of her Amended Complaint, "to be properly named Defendants in this matter."

(Dkt. No. 23 at 1). These individuals are former New York State Judge Eileen M.

Rakower ("Rakower"); Muriel Goode-Trufant, the current Acting New York City

Corporation Counsel ("Goode-Trufant"); Hillary Weisman, the Board's former

General Counsel ("Weisman"); and Louise Tomassetti, a former employee of the Board ("Tomassetti").  (*Id*.).[1]

Having reviewed Defendants' letter, the Amended Complaint, other filings on the docket, and relevant law, the Court will not treat these individuals as defendants at this time, except insofar as the Amended Complaint sues the Corporation Counsel in her official capacity, who at present is Goode-Trufant.

Rule 10(a) of the Federal Rules of Civil Procedure requires that every party to an action be named in the complaint's caption.  *See* Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties").  Plaintiff, who is proceeding *pro se*, did not name Rakower, Goode-Trufant, Weisman, or Tomassetti as defendants in the caption of the Amended Complaint.  Nevertheless, "the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *Heicklen v. U.S. Dep't of Homeland Sec.*, No. 10 Civ. 2239 (RJH) (JLC), 2011 WL 3841543, at *10 n.12 (S.D.N.Y. Aug. 30, 2011) (finding that *pro se* plaintiff intended to name an individual and agency as defendants, even though they were not listed as defendants in the caption).

Based on the Court's review, it is unclear whether Plaintiff intended to name Rakower, Weisman and/or Tomassetti as defendants.  The Amended Complaint contains a section entitled "Parties."  (Dkt. No. 14 at 7-9)  The first paragraph of this section identifies Brodsky as the plaintiff; explains that the New York City

---

[1] The Amended Complaint refers to "Louise Tomassetti" in one place (Dkt. No. 14 ¶ 12(d)), but to "Julie Tomassetti" in two other places (*id*. ¶¶ 12(b), 23) and simply to "Tomassetti" in several other paragraphs (*id*. ¶¶ 26, 28, 28(a), 28(b), 71).

Campaign Finance Board is being sued under the New York State Municipal Law; refers to the Corporation Counsel and the City of New York as public corporations; and states that, "[s]o far," the New York City Sheriff is a nonparty. (*Id*. ¶ 12). Plaintiff also states that she is suing the Campaign Finance Board "via" Acting Corporation Counsel Good-Trufant, who replaced Hinds-Radix upon the latter's resignation on June 1, 2024. (*Id*. ¶ 12(a)). All this suggests Plaintiff intended, as indicated by the caption, to name only the Board and the Corporation Counsel (as well as the Sheriff as a "nonparty").

However, Plaintiff also alleges, in the "Parties" section, that she is entitled to file a claim against the City for disseminating her tax return information in violation of federal tax law and that "this includes any 'former officer or employee' charged with filings." (Dkt. No. 14 ¶ 12(ii)). She goes on to make various allegations purportedly connecting Rakower, Weisman, and Tomassetti (as well as Jihee Suh, a former lawyer for the Board) to the alleged improper dissemination of her tax return information. (*Id*. ¶¶ 12(b), 38, 40-42, 62). Plaintiff's causes of action, which are predicated on the alleged illegal dissemination of her tax return information, refer to Weisman and Tomassetti (as well as Suh) as "defendants." (*Id*. ¶¶ 71-72). Although Rakower is not similarly described as a "defendant" in the causes of action, the Amended Complaint elsewhere asserts Rakower can be liable as a party because she is not entitled to judicial immunity. (*Id*. ¶¶ 12(iii)). These allegations suggest that Plaintiff did intend to name Rakower, Weisman, and Tomassetti as defendants.

Ultimately, however, the Court need not determine whether Plaintiff intended, when she filed the Amended Complaint, to name these individuals as defendants. So far as the docket reflects, neither Rakower, Weisman, nor Tomassetti has been served in this action. Nor did Plaintiff request the issuance of a summons from the Clerk's Office for purposes of serving any of these individuals. More than 90 days have passed since the original Complaint was filed on April 15, 2024 and the Amended Complaint was filed on July 3, 2024, beyond the period in which Plaintiff was required to effect service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Moreover, since the filing of Defendants' September 4, 2024 letter, which noted that "these individuals have not been served" (Dkt. No. 23 at 2), Plaintiff has not taken any steps to serve Rakower, Weisman, or Tomassetti, or obtain an extension of her time to do so. Indeed, Plaintiff has not submitted any response to Defendants' September 4, 2024 letter. Accordingly, given this context, the Court does not view Rakower, Weisman, or Tomassetti as defendants.

The analysis differs with respect to Goode-Trufant. The Court understands that Plaintiff named Hinds-Radix in the original Complaint solely in Hinds-Radix's then-official capacity as Corporation Counsel. The Court similarly understands that the Amended Complaint refers to Goode-Trufant solely in her official capacity

as Acting Corporation Counsel following Hinds-Radix's resignation.  (*See* Dkt. No. 14 ¶ 12(a)).  There appear to be no allegations of personal involvement or wrongdoing by Hinds-Radix or Goode-Trufant that could give rise to individual liability.  Accordingly, it is appropriate to substitute Goode-Trufant as a Defendant in lieu of Hinds-Radix.  *See* Fed. R. Civ. P. 25(d) ("when a public officer who is a party in an official capacity . . . resigns . . . while the action is pending," the "officer's successor is automatically substituted as a party"); *Hill v. City of N.Y.*, No. 13 Civ. 6147 (PKC) (JO), 2019 WL 1900503, at *1 n.1 (E.D.N.Y. Apr. 29, 2019) (substituting current city officials for former city officials named only in their official capacities).

* * *

The Clerk of Court is respectfully directed to amend the caption on the docket in accordance with this Order by: (i) terminating Rakower, Weisman and Tomassetti as parties to this action; and (ii) substituting Goode-Trufant in the place of Hinds-Radix as a Defendant.

**SO ORDERED.**

DATED:    New York, New York
          November 13, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge

5