UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERYL BRODSKY,

                                    Plaintiff,

                  -v-

THE NEW YORK CITY CAMPAIGN
FINANCE BOARD *et al.*,

                                    Defendants.

---

24 Civ. 2823 (PAE) (GS)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 15, 2024, plaintiff Meryl Brodsky, *pro se*, filed this action against defendants

New York City Campaign Finance Board (the "Board") and Muriel Goode-Trufant, Acting New

York City Corporation Counsel (the "Corporation Counsel"). Dkt. 1 ("Complaint"); Dkt. 14

("Amended Complaint" or "AC"). Brodsky centrally seeks damages arising from the Board's

garnishment of Exxon Mobil stock that she owned, as ordered by a New York state court to

satisfy the Board's monetary judgment against her. Her claims include that defendants, in

connection with the garnishment, (1) unlawfully disclosed her tax returns under 26 U.S.C.

§ 6103, and (2) committed fraud on the court. AC ¶¶ 71–72. This action is the fourth Brodsky

has brought in this District. The first three, bringing materially identical claims to those here,

were dismissed.[1]

---

[1] *See Brodsky v. Carter*, No. 15 Civ. 3469, 2016 WL 1258986 (S.D.N.Y. Mar. 28, 2016)
(Daniels, J.) ("*Brodsky I*"), *aff'd*, 673 F. App'x 42, 43–44 (2d Cir. 2016); *Brodsky v. N.Y.C.
Campaign Fin. Bd.*, No. 17 Civ. 3186, 2018 WL 3910825 (S.D.N.Y. Aug. 15, 2018) (Nathan, J.)
("*Brodsky II*"), *aff'd*, 796 F. App'x 1, 6 (2d Cir. 2019); *Brodsky v. N.Y.C. Campaign Fin. Bd.*,
No. 21 Civ. 5004, 2022 WL 2819090 (S.D.N.Y. July 19, 2022) (Ramos, J.) ("*Brodsky III*"),
*aff'd*, No. 22-1824, 2023 WL 3162125 (2d Cir. May 1, 2023).

On January 27, 2025, Magistrate Judge Gary Stein issued a Report and Recommendation on defendants'[2] motion to dismiss the AC. Dkt. 35 (the "Report"). It recommends that the Court grant the motion under Federal Rule of Civil Procedure 12(b)(6), on the ground that the AC's claims are barred by *res judicata*. Brodsky has filed objections to the Report. Dkt. 39.

For the following reasons, the Court adopts Judge Stein's thorough and well-reasoned Report in full.

I.     **Background**

The Court incorporates by reference the Report's summary of the facts and the case's history. *See* Report at 2–6. The following account is limited to the background necessary to the limited issues presented.

A.     **State Court Proceedings**

In 2005, Brodsky ran, unsuccessfully, for a seat on the New York City Council. *See* Report at 2. Her campaign received funds from a city matching program. *See id.* After Brodsky lost in the primary, the New York City Campaign Finance Board directed Brodsky to repay $35,415 in public campaign funds. *See id.* Brodsky challenged the Board's determination in an Article 78 proceeding in New York State Supreme Court in Manhattan. *Id.* She lost. *See Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 0118316/2006, 2007 WL 2176918 (N.Y. Sup. Ct.

---

[2] Solicitous of Brodsky's *pro se* status, the Court, like the Report, liberally construes the AC to bring claims against three former employees of the Board: Hillary Weisman, Julia L. Tomassetti, and Jihee G. Suh (collectively with the Board and the Corporation Counsel, "defendants"). *See* Dkts. 25–27. The Court does not, however, construe the AC as bringing a claim against Justice Eileen Rakower of the New York Supreme Court, who issued the garnishment order. *See* Report at 12–13; *see also Brodsky II* (2d Cir.), 796 F. App'x at 5 ( "[E]ven if the District Court had construed the complaint to include Judge Rakower as a defendant, Judge Rakower would have been entitled to judicial immunity.").

June 21, 2007) (Rakower, J.). On December 30, 2008, the Appellate Division, First Department affirmed. *See Brodsky v. N.Y.C. Campaign Fin. Bd.*, 57 A.D.3d 449 (1st Dep't 2008).

Brodsky, however, returned only $26,010 of the campaign funds that the Board had required her to repay. *See* Report at 2. She refused to repay the balance. *See id.* Consequently, on July 16, 2010, the New York Supreme Court ordered a garnishee to sell Brodsky's stock to satisfy the outstanding sum. *See Brodsky v. N.Y.C. Campaign Fin. Bd.*, 107 A.D. 3d 544, 545 (1st Dep't 2013). On June 20, 2013, the First Department affirmed the garnishment order. *See id.* at 546.

### B.     Prior Federal Court Actions

In three prior federal court actions in this District, Brodsky sought damages arising from the garnishment. Each case was dismissed on the pleadings.

***Brodsky I.*** On May 4, 2015, Brodsky sued the Board and the Corporation Counsel, alleging, *inter alia*, that the Board had violated her constitutional rights, federal criminal law, the Internal Revenue Code, including 26 U.S.C. § 6103, and state and local law, by disclosing her tax returns during the state court proceedings. *See Brodsky I* (S.D.N.Y.), 2016 WL 1258986, at *7–13. On March 28, 2016, the district court (Daniels, J.) dismissed her claims. *Id.* Relevant here, the court held that Brodsky's complaint failed to state a cognizable claim under § 6103. *See id.* at *12 (Section 6103 "does not prohibit the disclosure of a tax return by a personal accountant in response to a subpoena").

The Second Circuit affirmed. *See Brodsky I* (2d Cir.), 673 F. App'x at 43–44. It held, *inter alia*, that Brodsky's complaint "ha[d] not alleged any conduct prohibited by § 6103." *Id.*

***Brodsky II.*** On May 1, 2017, Brodsky filed another action, in which she reprised the claims dismissed in *Brodsky I. See Brodsky II* (S.D.N.Y.), 2018 WL 3910825. On August 15,

2018, the district court (Nathan, J.) dismissed her claims. *Id.* at \*2. The court held that Brodsky's § 6103 claim was barred by the doctrine of *res judicata*, under which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 112 (2d Cir. 2006).

On November 8, 2019, the Second Circuit affirmed. *See Brodsky II* (2d Cir.), 796 F. App'x 1. It held that *res judicata* precluded Brodsky's tax return-related claims because (1) they were raised or could have been raised in *Brodsky I*, (2) *Brodsky I* was resolved on the merits, and (3) it involved the same parties or their privies. *See id.* at 6.

**Brodsky III**. On January 6, 2021, Brodsky sued again in federal court. *See Brodsky III* (S.D.N.Y.), 2022 WL 2819090. She brought "substantially the same" claims as those dismissed in *Brodsky I* and *Brodsky II*, plus a "fraud on the court" claim, purportedly under Federal Rule of Civil Procedure 60(d), which alleged that the state court judgment against her had been fraudulently procured. *Brodsky III* (S.D.N.Y.), 2022 WL 2819090, at \*2. Specifically, she alleged that the Board's attorneys, in the state court proceedings, had falsely represented the amount that Brodsky's election committee spent and that the state court judge, Justice Rakower, "knowingly incorporated" those false representations into her judgment. *Id.* Brodsky alleged that the Board had "conspired" with Justice Rakower "to perform abusive discovery." *Id.*

On July 19, 2022, the district court (Ramos, J.) granted the Board's motion to dismiss. *See id.* at \*1. The court dismissed the fraud-on-the-court claim on two independent grounds: (1) *res judicata*, *id.* at \*6–8, and (2) the *Rooker-Feldman* doctrine, which bars federal court review of claims that in effect challenge state court judgments, *id.* at \*3–6.

4

On May 1, 2023, the Second Circuit affirmed. *See Brodsky III* (2d Cir.), 2023 WL 3162125, at *4. It held that Brodsky's fraud-on-the-court claim was barred by *res judicata* because it could have been raised in prior litigation. *Id.* at *2–3.[3]

### C.    This Action

On April 15, 2024, Brodsky filed the Complaint. Dkt. 1. On June 13, 2024, defendants moved to dismiss under Rule 12(b)(6). Dkt. 10. The next day, the Court directed Brodsky to file any amended complaint or opposition by July 4, 2024, Dkt. 13, and referred defendants' motion to dismiss and "all such motions" to Judge Stein, Dkt. 12.

On July 3, 2024, Brodsky filed the AC. Dkt. 14. On July 25, 2024, defendants moved to dismiss the AC under Rule 12(b)(6). Dkt. 15 ("motion to dismiss"). On August 8, 2024, Brodsky opposed, Dkt. 17, and filed a declaration in support, Dkt. 18. On August 30, 2024, defendants replied. Dkt. 22.

On January 27, 2025, Judge Stein issued the Report. Dkt. 35. The Report gave the parties "fourteen days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto," pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b). Report at 21.

On February 17, 2025, Brodsky filed objections to the Report. Dkt. 39 ("Objections"). On March 3, 2025, defendants filed their response. Dkt. 40.

## II.    Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[3] The Circuit found that although the *Rooker-Feldman* bar did not apply, *res judicata* independently barred the fraud-on-the-court claim. *See Brodsky III* (2d Cir.), 2023 WL 3162125, at *3.

magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). A *pro se* plaintiff's objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Here, Brodsky objects to the Report's recommendation that the motion to dismiss be granted. *See* Objection at 1, 6. Because Brodsky is *pro se*, the Court liberally construes her objections "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). So construed, Brodsky's objections raise three challenges to the Report's finding that her claims are barred by *res judicata*.[4]

First, Brodsky argues that *Brodsky I* lacks preclusive effect here, because Weisman, Tomassetti, and Suh were not defendants in the prior action. That argument misunderstands the law. "*Res judicata* applies to a case involving the same parties *or their privies*." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (emphasis added). Relevant here, "[g]overnment officials sued in their official capacities are generally considered

---

[4] "To prove the affirmative defense of *res judicata* a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)) (cleaned up).

to be in privity with the government entity that they serve." *Smith v. City of New York*, 130 F.

Supp. 3d 819, 828 (S.D.N.Y. 2015), *aff'd*, 664 F. App'x 45 (2d Cir. 2016); *see also Cent.*

*Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995)

("[T]he principle of privity bars relitigation of the same cause of action against a new defendant

known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close

relationship to the original defendant to justify preclusion."). The Board was the defendant in

*Brodsky I. See, e.g., Brodsky I* (2d Cir.), 673 F. App'x 42. And, as Brodsky acknowledges,

Weisman, Tomassetti, and Suh are former employees of the Board. *See* Objections at 13. As

Brodsky further acknowledges, the AC's allegations against them "relate to conduct taken in

their official capacities." *Brodsky III* (2d Cir.), 2023 WL 3162125, at *2; *see* Objections at 13–

16 (stating that the AC's allegations against Weisman, Tomassetti, and Suh arise from official

acts). Thus, Weisman, Tomassetti, and Suh are in privity with the Board. The application of *res*

*judicata* based on *Brodsky I* is, thus, warranted.[5]

Courts have uniformly rejected similar gambits by which Brodsky has sought to avoid the

preclusive effect of prior decisions. *See, e.g., Brodsky III* (2d Cir.), 2023 WL 3162125, at *2

("Even though the current complaint names former City or Board employees not named in

*Brodsky I*, those persons were in privity with the Board because Brodsky's allegations relate to

conduct taken in their official capacities."); *Brodsky III* (S.D.N.Y.) 2022 WL 2819090, at *7

("Since Johnson serves New York City generally, and served the Campaign Finance Board

specifically, he is in privity with the defendants in *Brodsky I* and *Brodsky II*, and this element [of

*res judicata*] is therefore satisfied."); *Brodsky II* (2d Cir.), 796 F. App'x at 4–5 ("Weisman is in

---

[5] That Goode-Trufant was substituted as the current Acting Corporation Counsel is immaterial
here, because the AC alleges claims against Goode-Trufant only in her official capacity. *See*
*Brodsky III* (2d Cir.), 2023 WL 3162125, at *2 (same as to prior corporation counsel).

privity with the Board because she is being sued in her official capacity as the Board's counsel and it cannot be seriously disputed that Weisman's interests were adequately represented by the Board in defending *Brodsky I*."); *see also Brodsky III* (2d Cir.), 2023 WL 3162125, at \*7 n.2 (rejecting Brodsky's "attempt[] to avoid privity").

Second, Brodsky appears to argue that her claims in this action were not raised, or adjudicated on the merits, in prior actions. That argument proceeds from an incorrect legal premise and is factually incorrect. *Res judicata* "prevents a party from litigating any issue . . . that *could have been raised or decided in a previous suit*." *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (emphasis added). And "a party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (citation omitted). In *Brodsky I*, Brodsky brought a claim under 26 U.S.C. § 6103 for unlawful disclosure of her tax returns, as she does here, and it was litigated and dismissed with prejudice. That operates as an adjudication on the merits. *See Brodsky II* (2d Cir.), 796 F. App'x at 6 (*Brodsky I* "involved an adjudication on the merits, satisfying the first element of the doctrine of *res judicata*"); *see also, e.g., Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim is a final judgment on the merits and thus has *res judicata* effects.").[6] Although Brodsky did not bring a fraud-on-the-court claim in *Brodsky I*, she *could have* raised it. That is sufficient to trigger *res judicata*, because the fraud-on-the-court claim is based on "the same transaction or connected series of transactions" at issue in *Brodsky I*—namely, the garnishment of her Exxon Mobil stock. *TechnoMarine*, 758 F.3d at 499. In so holding in *Brodsky III*, the Circuit was clear: Brodsky's

---

[6] In *Brodsky II*, the Circuit rejected Brodsky's attempt to avoid the preclusive effect of *Brodsky I* by recharacterizing her § 6103 claim as a claim under 26 U.S.C. § 7431. *See* 796 F. App'x at 5.

8

"fraud-on-the-court claim is barred by *res judicata* because it could have been raised in a prior

litigation but was not." *Brodsky III* (2d Cir.), 2023 WL 3162125, at \*3. Thus, Brodsky's claims

in this action were raised or could have been raised in her prior federal action, and that case was

adjudicated on the merits. *See, e.g.*, *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*,

882 F.3d 52, 55 (2d Cir. 2018); *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir.

2000); *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

Third, Brodsky appears to invoke the so-called "fraud exception" to *res judicata*.

Objections at 16; *see Holmes v. City of New York*, No. 19 Civ. 1628, 2020 WL 918611, at \*7

(S.D.N.Y. Feb. 26, 2020) ("Some courts have held that *res judicata* does not apply if the

previous judgment was procured by collusion or fraud."). This "limited" exception applies, *id.*,

Brodsky argues, because, she claims, Justice Rakower and Brodsky's adversaries committed

fraud in the New York Supreme Court proceedings. *See, e.g.*, Objections at 21 ("The actions of

the board and defendants Weisman, Suh and Tomassetti, abetted by Judge Rakower, are akin to

overstating or underestimating taxable income to evade the tax."); *id.* at 28 ("Since Rakower

committed violations in tandem, staff denies them. Thus, concealed data and nonexistent

judgments could not be litigated."). Brodsky's argument is well wide of the mark. Her claims in

this action are precluded not by the state court proceedings but rather by the federal court's

judgment in *Brodsky I*. *See, e.g.*, *Brodsky III* (2d Cir.), 2023 WL 3162125, at \*3; Report at 16–

17. The AC does not allege fraud in connection with *Brodsky I*, or for that matter, with any of

Brodsky's prior federal court actions challenging the garnishment. Therefore, Brodsky cannot

avoid the preclusive effect of *Brodsky I* by pleading fraud in state court proceedings.[7]

---

[7] To the extent that Brodsky argues that evidence she obtained after dismissal in *Brodsky I*
precludes application of *res judicata*, the Second Circuit emphatically rejected this argument in
*Brodsky III*, 796 F. App'x at 6. The later-obtained documents identified by Brodsky, at best,

Having considered the entire record *de novo*, the Court is in full agreement with Judge Stein's Report and hereby adopts its recommendation.

The Court, joining Judge Stein and other courts in this District, further cautions Brodsky against blatantly disregarding the "binding operation" of prior judgments against her. *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48–49 (1897); *see also, e.g.*, *United States v. Munsingwear, Inc.*, 340 U.S. 36, 38 (1950) ("[A] right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies."). This action is the latest installment in a series of vexatious, duplicative, or otherwise meritless lawsuits Brodsky has filed. As Judge Ramos recognized, Brodsky "has been making identical accusations of fraud for [well] over a decade to the state Appellate Division, multiple Federal District Court Judges, and the Second Circuit, all of which have dismissed her actions." *Brodsky III* (S.D.N.Y.), 2022 WL 2819090, at *7; *see* Report at 18–19 ("Litigants are free to disagree with a court's rulings. They must, however, respect the legal effects of those rulings."). The Court warns Brodsky that this history may support the imposition of sanctions were she to bring claims of this nature again. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.");

---

present as evidence of claims she brought or could have brought in *Brodsky I. See* Report at 17 n.13; *see also, e.g., Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (*res judicata* "applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence" (quoting *L-Tec Elecs.*, 198 F.3d at 88)).

*Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (imposing sanctions where the "litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints" (citation omitted)).

## CONCLUSION

Accordingly, the Court grants defendants' motion to dismiss the AC. The Court respectfully directs the Clerk of Court to close all pending motions and to dismiss this action with prejudice.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 12, 2025
        New York, New York

11